1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

UNITED STATES OF AMERICA,          CASE NO.    6:11-mj-00099-MJS

11

              Plaintiff,          ORDER

12

     v.

13

TAD PATRICK MOORE,

14

              Defendant.

15

_____/

16

17   **I.    PROCEDURAL HISTORY**

18         This case is before the Court on Defendant's Motion to Dismiss Count Two of the

19   Criminal Complaint against him.

20         Defendant is represented by the office of the Federal Defender.  The Government

21
22   is represented by the National Park Service Legal Office.

23         Defendant was arrested in Yosemite National Park on August 5, 2011, based upon

24   reported erratic driving and erratic behavior observed by  National Park Service Law

25   Enforcement Rangers.  He was charged in a Criminal Complaint filed August 5, 2011,

26   essentially as follows:

27

-1-

Count 1:  Driving a vehicle under the influence of drugs and/or alcohol to the extent he was incapable of safe operation of the vehicle, a violation of 36 Code of Federal regulations ("CFR") § 4 .23(a)(1);

Count 2:  Refusal to submit to a test to determine blood alcohol and drug content in violation of 36 CFR 4.23 § (c)(2); and,

Count 3: Failure to signal before making a turn in his vehicle in violation of 36 CFR § 4.2, incorporating California Vehicle Code Section 22108.

(Crim. Compl, ECF No. 1.)

On August 5, 2011, Defendant was arraigned.  He entered a "not guilty" plea to all charges  and was released on his on recognizance with special conditions.  A bench trial was scheduled but then vacated on the request of the parties to enable the filing and resolution of this motion.

The instant motion was filed in writing on September 29, 2011. (Mot. to Dismiss, ECF No. 7.)  The government filed written opposition October 16, 2011. (Opp'n, ECF No. 8.) The Court determined this matter suitable for decision without oral argument, and took the matter under submission.

**II.**    **DEFENDANT'S MOTION TO DISMISS**

Fed. R. Crim. P. 12(b)(3)(B) allows the Court to hear at any time while a case is pending a claim that the indictment or information fails to invoke the Court's jurisdiction or to state an offense. Defendant asserts that Count 2 of the criminal complaint cannot state an offense because the regulation allegedly violated was superseded by 18 U.S.C. § 3118.

As noted, Count 2 of the criminal complaint alleges that Defendant violated 36

C.F.R. § 4.23(c)(2) by refusing to submit to a test for the purpose of determining blood alcohol and drug content.  Defendant argues that this National Park Service regulation, conviction of which carries with it up to six months imprisonment and a $5000.00 fine, is superseded by 18 U.S.C. § 3118 which provides administrative and evidentiary penalties for refusing such a test.

Specifically, 18 U.S.C. § 3118(a) provides that whoever operates a motor vehicle in the special territorial jurisdiction of the United States consents to a chemical test of his blood, breath, or urine, if arrested for any offense arising from his driving while under the influence of a drug or alcohol.  Section (b) thereof sets forth the "Effect of Refusal":

> Whoever . . . refuses to submit to such a test or tests, after having first been advised of the consequences of such a refusal, shall be denied the privilege of operating a motor vehicle upon the special maritime and territorial jurisdiction of the United States during the period of a year commencing on the date of arrest upon which such test or tests was refused, and such refusal may be admitted into evidence in any case arising from such person's driving while under the influence of a drug or alcohol in such jurisdiction.

18 U.S.C. § 3118(b).

Defendant argues that in enacting Section 3118(b), Congress created a civil penalty (suspension of driving privileges on federal property) and an evidentiary penalty (admissibility of the refusal in a prosecution for driving under the influence). United States v. Love, 141 F.R.D. 315, 319 (D. Col. 1992) (explaining that 18 U.S.C. § 3118 provides a civil, not a criminal, penalty.) Defendant claims that the Secretary of the Interior exceeded his authority in enacting 36 C.F.R. § 4.23(c)(2), a regulation that makes a crime of the same activity covered by Section 3118. Defendant notes, correctly, that the Secretary's power to enact regulations to administer a federal statute and carry into effect Congress' will as expressed in the statute is not the power to make laws; "a regulation

-3-

1
2
which operates to create a rule out of harmony with the statute, is a nullity." <u>Pacific Gas & Electric Co. v. United States,</u> 664 F.2d 1133, 1136  (9th Cir. 1981) (citations omitted).

3
4
**III.   ANALYSIS**

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
Defendant's position is reasoned and has been carefully considered.  Indeed, if, in enacting the statute, Congress had wanted to make refusal a criminal rather than a civil offense, it easily could have done so.  It chose not to.  But it did not in the statute or elsewhere restrict the Secretary of the Interior from adding, by regulation, criminal penalties to accompany the civil penalties in the statute.  To the contrary, 16 U.S.C. § 3 authorizes the Secretary of the Interior to make such regulations "as he may deem necessary or proper for the use and management of the parks . . . under the jurisdiction of the National Park Services." Section 4.23(c)(2) is one such regulation. It does not conflict with Section 3118; it is not out of harmony with it.  It merely supplements it.  Nothing  in Section  3118 suggests  it  was  intended as  the exclusive  enactment relating to the effect of refusal. As noted by the Government,  statutory interpretation begins with a literal reading of the statute; courts need look no further unless the language is ambiguous or contravenes clear legislative intent. <u>United States v. Jerge</u>, 738 F.Supp. 181, 183 (E.D. Va. 1990) (citations omitted).  There is, in any event, no legislative history for 18 U.S.C. § 3118, <u>Jerge</u>, 738 F. Supp. at 184 n.2, and, as noted, this Court can find nothing in the statute that might be read as putting the regulation in conflict with it. The fact that the statue post-dates the regulation is a basis to conclude Congress was aware of the latter when it enacted the former and chose not to restrict the regulation's effect.

26
27
Moreover, as Defendant candidly acknowledges, the only case addressing the overlap between the statute and the regulation found no conflict between the two.  In

United States v. Bourgeois, 2007 WL 2219335 (S.D. Miss. July 30, 2007), defendant Bourgeois was convicted of violating 36 C.F.R. § 4.23 by refusing a blood test after being arrested on suspicion of being under the influence of alcohol while driving on a federal enclave. She appealed claiming she should instead have been sentenced under 18 U.S.C. § 3118(b). Noting, albeit in a footnote, that a federal statute would not necessarily invalidate a federal regulation governing the same conduct since prosecutors have the discretion to choose among statutes which impose different penalties, the District Court, reviewing for plain error, upheld the Magistrate Judge's conviction for violation of 36 C.F.R. § 4.23. Bourgeois, 2007 WL 2219335 at *3 n.6.

Defendant questions the Bourgeois court's logic and also whether its holding is applicable here. First, Defendant suggests that the Bourgeois decision was based on the incorrect conclusion that Section 3118 applies only where the federal government prosecutes a driving under the influence charge under state law pursuant to the Assimilated Crimes Act.

Defendant claims Section 3118 is not so limited, but instead was designed to preempt the field whether a defendant was being prosecuted under federal or state law. Regardless of whether Section 3118 was meant to apply to all or only assimilated crimes, this Court finds nothing in the statute or elsewhere to suggest it was to be the only enactment under which one could be prosecuted for driving under the influence.

Defendant also notes that Bourgeois was reviewing for plain error rather than here where the Court is conducting a de novo review. Normally questions of law are reviewed de novo. United States v. Forrester, 512 F.3d 500, 506 (9th Cir. 2008). However, as the Bourgeois court noted, issues raised on appeal that are not raised before the trial court

may only be reviewed for plain error.  2007 WL 2219335 at *3 (citing <u>United States v.Duncan</u>, 191 F.3d 569, 575 (5th Cir. 1999); see also Fed. R. Civ. P. 52(b). Under the plain error standard, relief is not warranted unless there has been: (1) error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. <u>United States v. Olano,</u> 507 U.S. 725, 732-35 (1993). Plain error review is more limited than de novo, but both standards require the reviewing court to make a determination anew; that is, an unbridled determination as to whether there was an error.  In <u>Bourgeous</u>, the court found that Section 3118 did not supercede 36 C.F.R. § 4.23; that the trial court did not err.  That finding is persuasive despite the more limited nature of review.

Based upon the foregoing, the Court concludes that 18 U.S.C. Section 3118 did not preclude enactment and enforcement of 36 C.F.R 4.23(c)(2) nor preempt it.  Defendant's motion to dismiss is denied.

## IV.    <u>DECISION AND ORDER</u>

For the reasons set forth above, Defendant's Motion to Dismiss Count Two of the Criminal Complaint is DENIED.

The Clerk shall schedule a further status conference in this case.


IT IS SO ORDERED.

Dated:    December 22, 2011        /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE